UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE EMILIO PACHECO AVILA (A# 240-823-863), | No. 2:26-cv-01308 DAD SCR |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARDEN, CALIFORINA CITY CORRECTIONS CENTER, | |
| Respondent. | |

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that immigration officials paroled Petitioner, a citizen and native of Cuba, into the United States on May 14, 2022, premised upon either an explicit or implicit finding that he was not dangerous or a flight risk. ECF No. 1 at 18. Respondent does not assert that Petitioner committed any crimes or violated conditions of supervision while on parole, and Petitioner is not subject to a final order of removal. Id. at 5-6. Petitioner was re-detained on February 26, 2026, without pre-deprivation notice or an opportunity to be heard. Id.

1

Considering all of these factors, and consistent with the court's ruling in Rocha Chavarria v. Chestnut, No. 1:25-cv-1755 DAD AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025),[1] the undersigned finds that Petitioner's re-detention without pre-deprivation notice and hearing violated the Due Process Clause of the Fifth Amendment.  Accordingly, the undersigned recommends that Respondent immediately release Petitioner from custody and be enjoined from re-detaining him without constitutionally adequate pre-deprivation procedures.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.      Petitioner Jose Emilio Pacheco Avila's (A# 240-823-863) application for a writ of habeas corpus (ECF No. 1) be granted on count 1 (Due Process Clause of the Fifth Amendment)[2] as follows:

      a.  Respondent be ORDERED to immediately release Petitioner from Respondent's custody on the same conditions of release that he was subject to immediately prior to his re-detention on February 26, 2026; and

      b.  Respondent be ENJOINED AND RESTRAINED from re-detaining Petitioner without providing petitioners written notice and a pre-detention hearing before a neutral adjudicator.

2.      Any order adopting these findings and recommendations include language that it does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

3.      Respondent's motion to dismiss (ECF No. 13) be DENIED.

---

[1] In the cursory motion to dismiss the petition, Respondent did not comply with the undersigned's orders to "address whether this case is factually or legally distinguishable" from Rocha Chavarria and "include with the answer/return any and all transcripts or other documents relevant to the determination of the issues presented in the application."  ECF No. 11 at 1.  "The court will construe respondents' non-responsiveness as a concession that the present matter and Rocha Chavarria are not substantively distinguishable[.]"  Gholami v. Chestnut, No. 1:25-cv-1644 DAD DMC (HC), 2025 WL 3640675, at *2 (E.D. Cal. Dec. 16, 2025).

[2] In the interests of judicial economy, the two remaining claims in the § 2241 petition are not addressed herein.

2

4.      The Clerk be directed to:

  a.  Serve the California City Detention Cetner with a copy of any order adopting these findings and recommendations; and

  b.  Enter judgment in Petitioner's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 5, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3